1763.

LOVELL
*v.*
DOBLE.

Rec. 1765.
Fol. 129.

Exceptions to the Declaration ſhould be taken by Special Demurrer, and not by Plea in Abatement.

A Plea in Abatement to the Declaration, which does not point out a better Declaration, cannot be ſupported as in the Nature of a Special Demurrer.

## Lovell *verſ.* Doble.

THIS was for the ſame Cauſe, and the Declaration was the ſame.

Firſt Exception was, that it was not alledged in the Declaration that they ſet forth to the Admiralty that Jutſham had abſconded and concealed himſelf on board ſome Veſſell from the Service of the Writ.

Second Exception. They have not alledged that the Admiralty had Juriſdiction of the Matter of ſaid Complaint. *Given up.*

*Auchmuty.* Theſe Pleas are all negative; they find Fault with this, but do not point out a better. Pleas muſt be certain — not ſupported by Argument or Implication. 3 Doct. Plac. 54.

*Gridley.* They are defective in a material Point in their Declaration, your Honours will not ſupport it; our firſt Plea being over, and having been argued upon in Subſtance, they are too late to take Exceptions to this.

*Auchmuty.* The firſt Plea had no Exception to Form, but Subſtance; they are all ſeparate and diſtinct. All they verify is, that we have not done ſo and ſo — they do not verify it to be neceſſary. As for conſidering theſe Pleas as Special Demurrers, I think it cannot be intended here. He muſt conform to Rules of Abatement, and cannot avail himſelf

ſelf of what he might upon Special Demurrer; in Demurrer it might have been final againſt them, but in Abatement they plead over.

*Fitch.* Abatement is regularly to the Writ; Exceptions to Form of Declaration is by Special Demurrer. Here they are generally taken in Abatement, not at Home, therefore we ought not to be taken up for conforming: However there are Inſtances of the like Pleas in Abatement; Lilly Ent. p. 9, Tit. Abatement; and many other Inſtances in Special Demurrer where the Plea is negative without pointing out a better. Lilly, Tit. Demurrer, 106, 186. (1)

*Gridley.* Theſe Pleas are in the Nature of Special Demurrer, but according to Cuſtom we have concluded in Abatement. When we have ſaid that there is an Omiſſion, do they ſay Anything new? Will your Honours go on with a Writ materially faulty, becauſe we have not pointed out?

*Otis.* They might have demurred, but have choſen Abatement, and ſo have entitled themſelves to all the Disfavour of Abatement.

*Ch. Juſt.* Plea in Abatement muſt be to the Writ, not Declaration. (2)

*Otis.*

---

(1) See 6 Pick. 369, *Wilde, J.* — " The exceptions to this rule [that the plea muſt give a better writ] are ſo numerous that it can hardly be called a general rule of law."

(2) A plea in abatement which concluded to the writ and declaration has been ſuſtained, on the ground that ſo much of the declaration as would

**1763.**

LOVELL
v.
DOBLE.

*Otis.* They may plead Matter of Faᶜt in Abatement.

*Exception not well taken.*

Another Plea in Abatement was that they had not alledged the Admiralty to have had Jurifdiᶜtion of the Matter of the Complaint. Salk. 404, Tit. Jurifdiᶜtion.

*Fitch.* They have not alledged they had any Caufe of Complaint to the Admiralty. Hobart, 129.

*Auchmuty.* We have fet forth that he was concealed within their Jurifdiᶜtion. (3)

———◆———

REX
v.
DOAKS.

would be neceffary to make a perfeᶜt writ, is a part of the writ, and may be excepted to in abatement. *Ilfley* v. *Stubbs*, 5 Maſs. 285.

(3) The fecond exception was given up, and the cafe entered " Neither Party."